JAMES C. DAVIS, Agent, *v.* ALBERT ANDREGG.

(*Nashville.* December Term, 1923.)

1. **APPEAL AND ERROR.** Chancellor's decree entered on own motion transferring cause to circuit court held final decree.

In a bill in which defendant demanded a jury trial, chancellor's decree, entered on his own motion transferring cause to the circuit court for trial, on the ground Public Acts 1921, chapter 10, repealing Public Acts 1919, chapter 90, was invalid, *held* in effect a decree dismissing the bill for want of jurisdiction, and hence was a final appealable decree. (*Post, p.* 247.)

Acts cited and construed: Acts 1921, ch. 10; Acts 1919, ch. 20.

2. **STATUTES.** Repealing statute providing for transfer of causes held not violative of Constitution requiring recitation in caption of title of repealed act.

Public Acts 1921, chapter 10, repealing Public Acts 1919, chapter 90, providing for transfer of causes, *held* not violative of Constitution, article 2, section 17, requiring repealing acts to recite in their caption or otherwise title or substance of law repealed, since the act recites both in its caption and in its body the title of the act to be repealed. (*Post, p.* 247.)

Case cited and distinguished: Shepard & Gluck v. Thomas, 147 Tenn., 343.

Code cited and construed: Secs. 4465, 4466, 4467, 4468, 4469, 4470 (1858);

Constitution cited and construed: Art. 2, sec. 17.

3. **COSTS.** Defendant without fault held not chargeable with complainant's appeal cost.

Where an appeal from a decree of the chancellor entered on his own motion was necessary for complainant's benefit, but was not made necessary by defendant's conduct, he could not be charged

with appeal costs which must necessarily be paid by appealing party. (*Post, pp.* 247-249.)

FROM GRUNDY.

Appeal from the Chancery Court of Grundy County.— HON. T: L. STEWART, Chancellor.

FRANK SLEMONS and C. H. GARNER, for appellant.

JEFF D. FULTS, for appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This was a bill to recover for an alleged undercharge on a shipment of ice from Knoxville to Tracy City. The defendant answered, denying liability and demanding a jury. The chancellor on his own motion ordered the case transferred to the circuit court for trial, being of opinion that the repealing act of 1921, chapter 10, was unconstitutional, and that chapter 90 of the act of 1919, providing for the transfer of causes from the chancery court to the circuit court when a trial by injury is called for, was in force. The complainant excepted to this action, as shown by the order, upon the grounds (1) that the act of 1919 had been repealed; and (2) that "there are no issues of fact in this cause to be submitted to the jury."

The circuit judge, evidently being of opinion that the act of 1919 had been lawfully repealed by the act of 1921, retransferred the case to the chancery court. Thereupon

a decree was entered by the chancellor, on his own motion, again transferring the cause to the circuit court for trial, holding that chapter 10 of the act of 1921 "is' unconstitutional and void." To this decree the complainant excepted upon the same grounds above stated.

In this court the defendant moves to dismiss the appeal showing that he is not responsible for the raising of the issue of constitutionality of the act of 1921; that objection was made by the complainant to a trial by jury, on the ground that there were no issues of fact to be submitted to a jury; that the defendant is in no way responsible for this appeal; and that the decree was interlocutory merely, from which no appeal lies.

While not so phrased, the effect of the chancellor's decree was to dismiss the bill for want of jurisdiction. So treating it, the motion to dismiss the appeal as premature will be overruled, such a decree being final. The question for consideration is the constitutionality of chapter 10 of the acts of 1921. Both parties here agree that it is constitutional. The caption and section 1 of the act are as follows:

"A bill to be entitled, an act to repeal an act entitled 'An act to repeal sections 4465, 4466, 4467, 4468, 4469, 4470 of the Code of Tennessee, (enacted in the year 1858) and prescribing and regulating the right of trial by jury in suits instituted in the chancery court; and providing that jury cases be transferred from the chancery court to the circuit court and there tried before the court and jury being chapter 90 of the Acts of the General Assembly of 1919,' and to re-enact the said sections so repealed by said act.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that chapter 90 of the Acts of the General Assembly of the State of Tennessee, entitled 'An act to repeal sections 4465, 4466, 4467, 4468, 4469, and 4470 of the Code of Tennessee (enacted in the year 1858) and prescribing and regulating the right of trial by jury in suits instituted in the chancery court and providing that jury cases be transferred from the chancery court to the circuit court and there tried before the court and jury' be and the same is hereby repealed, and said sections are declared to be in full force and effect as they were before the passage of said Act."

While the record fails to disclose the grounds of the chancellor's action, it is suggested in argument that he was of opinion that section 17, articles 2, of the Constitution, had not been complied with; this section reading as follows:

"All acts which repeal, revive or amend former laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended."

It will be observed that this act recites both in its caption and in its body the title of the act to be repealed, and therefore meets this constitutional requirement.

The validity of this repealing act was recognized, though not directly adjudicated, in *Shepard & Gluck* v. *Thomas,* 147 Tenn., at page 343 (246 S. W., 836 [837]), the court saying:

"The act of 1919 had been repealed *and the law stood at the time of the trial just as it did prior to the passage of the Act of 1919,* at which time either party was entitled to a jury trial upon demand."

The italicized words also express, as applicable to the effect upon the law governing jury trials in chancery, the general rule that a repeal of an act revives the statutory provisions previously in force.

We find no constitutional objection to this act of 1921, and the cause is remanded for trial in the chancery court and the submission to a jury in that court of any such issues of fact as may be found to be proper. The defendant has never made and here makes no issue on the question presented, and insists that he, therefore, should not be onerated with the costs of this appeal.

"A complaint," says Mr. Gibson, par. 587, "may be successful and without fault, and yet the defendant may, also, be wholly without fault, in which case it will be manifestly inequitable to burden the latter with all the costs of a suit instituted for complainant's benefit."

It may be conceded that this appeal appeared to be necessary for complainant's benefit, and yet, as before stated, it was not made necessary by any conduct of the defendant. Not being in any way at fault, and being in no wise responsible for the appeal, or for the action of the chancellor, he cannot be charged with the costs of this appeal, which will necessarily have to be paid by the appellant at whose instance the appeal was had.